**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| FRANSWAN CLAVELLE,<br><br>       Plaintiff,<br><br>vs.<br><br>GOLDON NUGGET HOTEL & CASINO, et al.,<br><br>       Defendants. | Case No. 2:22-cv-00808-ART-VCF<br><br>**ORDER**<br><br>APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 1); MOTION FOR WRIT OF MANDATE (ECF NO. 2) |

   Pro se plaintiff Franswan Clavelle filed an application to proceed in forma pauperis (IFP). ECF No. 1. I deny Clavelle's IFP application without prejudice. I also sua sponte strike plaintiff's document titled "motion for writ of mandate" as a fugitive document because it is not a motion before this Court, but rather it is a copy of a motion she filed in a state court case. ECF No. 2.

**DISCUSSION**

   Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor."  The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees but she must demonstrate that because of her poverty she cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). If the court determines that an individual's allegation of poverty is untrue, "it shall dismiss the case." 28 U.S.C. § 1915(e)(2).

   The applicant's affidavit must state the facts regarding the individual's poverty "with some

1

particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify her or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. See, e.g., *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because she "failed to verify her poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, or it appears that the plaintiff is concealing information about her income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. See *e.g. Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 215CV01370MMDPAL, 2016 WL 7493981, at 3 (D. Nev. Nov. 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 215CV001370MMDPAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016).

Plaintiff Clavelle submitted the Long Form IFP application, but she left much of it blank. ECF No. 1. On pages one and two, plaintiff left blank all the questions about her spouses' income, her real

estate income, and any income she expects to receive. *Id.* She states that she owns an "e-bike" but does not list its value. Plaintiff states that she does not have any past employers on page one, but on page five she contradicts herself when she states that she was injured at work. *Id.* Under penalty of perjury, plaintiff swears that she has no income, no bank accounts, no property, no housing, no vehicles, no money, no bills, and no debts. *Id.* She does not provide any information in her sworn application regarding how she lives with no money and no bills. *Id*. She also lists her home address as an apartment, but she provides no explanation regarding how she pays for the apartment, considering that she swears she has no bills. *Id.*

I find that it appears that plaintiff is concealing information about her household income and I cannot determine whether the applicant qualifies for IFP status. I will give plaintiff one opportunity to file a complete IFP application. I order that the plaintiff must complete the Long Form application again. She must provide an explanation for each of the questions. Since she must complete the Long Form, plaintiff is required to provide comprehensive information regarding her sources of income, employment history, bank accounts, assets, monthly expenses, age, how she pays her bills (such as her apartment), and her years of schooling, among other things. She must not leave any questions blank. I also order that in response to question number eleven on the Long Form, that she provide an explanation regarding my concerns in this order.

I deny plaintiff's IFP application without prejudice. I give plaintiff thirty days to file an updated IFP application. Plaintiff must fully answer all the questions. Plaintiff may alternatively pay the filing fee in full. Since I deny plaintiff's IFP application, I do not screen her complaint now.

I also sua sponte strike plaintiff's document, which is erroneously captioned as a motion, from the docket as a fugitive document. The document is a copy of a writ of mandate that she filed in state court before a different judge in a different case.

ACCORDINGLY,

I ORDER that Clavelle's application to proceed in forma pauperis (ECF No. 1) is DENIED without prejudice.

I FURTHER ORDER that Clavelle has until Monday, July 25, 2022, to file an updated IFP application using the Long Form or pay the filing fee as specified in this order. Failure to timely comply with this Order may result in case closure or a recommendation for dismissal with prejudice.

I FURTHER ORDER, sua sponte, that the Clerk of Court STRIKE plaintiff's state court motion (ECF No 2) from the docket as a fugitive document.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 24th day of June 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE